**SCARINCI HOLLENBECK**
William R. Samuels
Kristin G. Garris (KG 7220)
3 Park Avenue, 15th Floor
New York, NY 10016
Telephone: 212-784-6939
Facsimile: 212-784-6934
wsamuels@sh-law.com
kgarris@sh-law.com

**IN THE UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAST CHANCE FUNDING, INC.<br><br>Plaintiff,<br><br>vs.<br><br>NEW CHANCE CAPITAL, LLC, BENJAMIN ARYEH, and JOHN DOES 1-5, individually and as owner, officer, director, shareholder, founder, manager, agent, servant, employee, representative, and/or independent contractor of NEW CHANCE CAPITAL, LLC,<br><br>Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Last Chance Funding, Inc. ("Last Chance" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against defendant New Chance Capital, LLC ("New Chance"), Benjamin Aryeh ("Aryeh"), and John Does 1-5 (collectively "Defendants") alleges, upon knowledge as to Plaintiff's own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under N.Y. GEN. BUS. § 360; deceptive business practices under N.Y. GEN. BUS. LAW § 349; injury to business

reputation under N.Y. GEN. BUS. § 360-L; and common law trademark infringement and unfair competition from Defendants' deliberate actions in infringing on Plaintiff's trademark and willful, unauthorized use of Plaintiff's trademark in a calculated effort by Defendants to respectively enrich themselves through unauthorized and misleading use of Plaintiff's intellectual property.

2. Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant New Chance because New Chance conducts business in New York and in this judicial district or otherwise avails itself of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over New Chance does not offend traditional notions of fair play and due process.

5. This Court has personal jurisdiction over Defendant Benjamin Aryeh because Mr. Aryeh conducts business in New York and in this judicial district or otherwise avails himself of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Mr. Aryeh does not offend traditional notions of fair play and due process.

6. This Court has personal jurisdiction over Defendants John Does 1-5 because, upon information and belief, John Does 1-5 conduct business in New York and in this judicial district or otherwise avail themselves of the privileges and protections of the laws of the State of

New York, such that this Court's assertion of jurisdiction over John Does 1-5 does not offend traditional notions of fair play and due process.

**VENUE**

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because New Chance, Mr. Aryeh, and John Does 1-5 conduct business in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and has caused damage to Plaintiff in this district.

**PARTIES**

8. Plaintiff Last Chance Funding, Inc. is a New York corporation that transacts and engages in business and business relationships in the State of New York and has a principal place of business located at 411 Hempstead Turnpike, Suite 101, West Hempstead, New York 11552.

9. Upon information and belief, defendant New Chance Capital, LLC is a New York limited liability company that transacts and engages in business and business relationships in the State of New York and has an address at 132 32nd Street, Brooklyn, New York 11210. Upon information and belief, defendant New Chance Capital, LLC has a principal place of business at 90 Broad Street, Suite 903, New York, New York 10004.

10. Upon information and belief, defendant Benjamin Aryeh is an individual that transacts and engages in business and business relationships through New Chance Capital, with a business address at 90 Broad Street, Suite 903, New York, New York 10004. Upon information and belief, Mr. Aryeh directs and controls the business activities of New Chance Capital.

11. Defendants John Does 1-5 are fictitious individuals meant to represent the owners, officers, directors, shareholders, founders, managers, agents, servants, employees, representatives, and/or independent contractors of New Chance Capital that have been involved

in the conduct that gives rise to this Complaint, but are unknown to Plaintiff, and as respective defendants are identified Plaintiff shall amend or supplement the Complaint to include them.

## FACTS SUPPORTING PLAINTIFF'S REQUESTED RELIEF

### *A. Last Chance Owns Common Law Rights in the LAST CHANCE FUNDING Mark*

12. Last Chance is the sole creator of the LAST CHANCE FUNDING Mark ("LAST CHANCE FUNDING Mark" or "Plaintiff's Mark").

13. Last Chance conceived the LAST CHANCE FUNDING Mark in early 2011, and has been continuously using it since February 2011 in connection with its services.

14. Last Chance adopted the LAST CHANCE FUNDING Mark to promote its Merchant Cash Advance ("MCA") business – providing a merchant with an advance based on the volume of cash that flows through a company's merchant cash account.

15. Last Chance is among pioneers in the industry and has an outstanding reputation within the MCA community.

16. The MCA business becomes more and more popular among small businesses that might otherwise be foreclosed from traditional sources of capital as a means of expanding and supporting their businesses.

17. Last Chance promotes its services nationally via its websites (collectively, "Last Chance Website") at the domain names thelcfgroup.com and lastchancefunding.com.

18. In March 2012, Last Chance opened a branded Facebook account.

19. In February 2011, Last Chance made the first sale of its services.

20. From 2011 to date, the traffic on the Last Chance Website grew exponentially.

21. By 2019, Last Chance had funded thousands of merchants throughout the United States and has funded MCA transactions with approximately 300 Independent Sales Organizations ("ISO"s).

25. Last Chance incorporated in New York in 2011.

26. The LAST CHANCE FUNDING Mark has been advertised and promoted and otherwise used in commerce throughout the United States, including this District, since at least as early as September 2011.

27. Last Chance has become widely known as a prime source of MCA funding and advisory services.

28. Last Chance's success is due to Last Chance's versed knowledge within the MCA arena.

29. Last Chance has continuously used the LAST CHANCE FUNDING Mark in commerce for over eight (8) years.

30. As a result of its widespread, continuous and exclusive use of the LAST CHANCE FUNDING Mark to identify MCA services and Last Chance as their source, Last Chance owns valid and subsisting common law rights to the LAST CHANCE FUNDING Mark.

31. The LAST CHANCE FUNDING Mark is an inherently distinctive mark and distinguishes Last Chance's services from the services of others. LAST CHANCE is especially distinctive from mentions in national trade publications, including Debanked.com.

32. The LAST CHANCE FUNDING Mark is well-known in the MCA industry.

33. Over the last eight (8) years, Last Chance has invested substantial time, money, and resources in marketing, advertising and promoting MCA services offered under the LAST CHANCE FUNDING Mark, which is an invaluable asset to Last Chance and embodies

enormous goodwill built by Last Chance. These investments in sales, content, and advertising have created a strong and distinctive mark.

35. Last Chance promotes its MCA services through its continuous involvement with industry trade groups and associated political activities, which is a common practice among MCA players. As a result of Last Chance's expenditures and efforts, the LAST CHANCE FUNDING Mark has come to signify the high quality of the Last Chance services, and has acquired incalculable distinction, a valuable reputation, and goodwill among the public as a result of such associations.

***B. New Chance's Wrongful and Infringing Activities***

36. Upon information and belief, New Chance's stated purpose is to market and/or fund merchant cash advance transactions, which it offers under the names NEW CHANCE CAPITAL and NEW CHANCE (collectively, the "NEW CHANCE Mark").

37. Defendants have never received or been provided with a license, assignment, or any other permission, express or implied, to use any of Plaintiff's Mark or any colorable variation thereof.

38. New Chance advertises, promotes and offers its services via its website at newchancecapital.com (the "Infringing Website").

39. Upon information and belief, Defendant's NEW CHANCE Mark is used connection with merchant cash advance transactions services. As such, New Chance's goods and services under the NEW CHANCE Mark are identical to or substantially similar to and competitive with Last Chance's MCA services offered under the LAST CHANCE FUNDING Mark.

40. Upon information and belief, Last Chance's services provided under the LAST

CHANCE FUNDING Mark and New Chance's services provided under the NEW CHANCE Mark travel in the same channels of trade.

41. The NEW CHANCE Mark used by New Chance is confusingly similar to Plaintiff's Mark. "New Chance" and "Last Chance" evoke similar or identical connotations and commercial impressions and may be used interchangeably. Most customers are likely to be confused between the two marks. New Chance's use of the NEW CHANCE Mark is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of New Chance's services. The consuming public is likely to believe that New Chance's NEW CHANCE services are services authorized by Last Chance, partaking of the same qualities and characteristics as services offered under the LAST CHANCE FUNDING Mark, when such is not the case. Defendants' unauthorized sale of services under the NEW CHANCE Mark, which is a colorable imitation of the LAST CHANCE FUNDING Mark, was intentionally done with a view and purpose of trading on and benefitting from the substantial reputation and goodwill in the United States associated with the LAST CHANCE FUNDING Mark.

42. In fact, there was at least one instance of a confusion by a merchant and several instances by ISOs being confused between New Chance and Last Chance.

43. The MCA industry largely operates via ISO's and their confusion has resulted in "deals" being sent to New Chance *in lieu* of Last Chance.

44. The ISO brokerage model is similar to any brokerage schema common to the financial services industry. Such schema generally finds ISOs cultivating accounts and submitting said accounts for funding to one or more MCA funders. Upon consummation of an MCA funding, commissions are earned by the ISO.

45. The MCA companies depend heavily on their presence at the industry specific

message boards such as, dailyfunder.com. An ISO who thinks that New Chance is affiliated with Last Chance may submit deals intended for Last Chance to New Chance.

46. On or about May 13, 2019, Last Chance became aware of New Chance's use of the NEW CHANCE Mark in conjunction with its services.

47. On or about May 15, 2019, Last Chance contacted New Chance through a letter, sent by Federal Express and email, demanding that New Chance immediately cease and desist from any usage of the NEW CHANCE Mark and any other name that incorporates or colorably imitates Last Chance's LAST CHANCE and LAST CHANCE FUNDING marks, and transfer the infringing domain name NEWCHANCECAPITAL.COM to Last Chance. A true and correct copy of this May 15, 2019 letter is attached hereto as **Exhibit A**.

48. Last Chance, through its attorneys, has followed up with New Chance by electronic mail and Federal Express multiple times since May 15, 2019, in efforts to resolve this matter.

49. On or about May 31, 2019, Last Chance again, through its attorneys, contacted New Chance through a letter sent by Federal Express and email. A true and correct copy of this May 31, 2019 letter is attached hereto as **Exhibit B**.

50. On or about July 19, 2019, Last Chance attempted again through its attorneys to contact New Chance through two letters, sent by U.S. Mail and email, to Mr. Joe Lieberman and Mr. Edward W. Miller, two individuals that Last Chance believed may represent (or represented in the past) New Chance. True and correct copies of these two July 19, 2019 letters are attached hereto as **Exhibit C**.

51. On or about July 30, 2019, Last Chance's attorneys attempted to contact Mr. Joe Lieberman and Mr. Edward W. Miller by telephone.

52. On August 2, 2019, Last Chance's attorneys attempted to contact Mr. Edward W. Miller and Mr. Joe Lieberman again by email. True and correct printouts of these August 2, 2019 emails (and their attached letters) are attached hereto as **Exhibit D**.

53. On August 2, 2019, Last Chance's attorneys received an email from "Jack Miller/Litigation Clerk" from the "Law Office of Edward W. Miller" stating the following: "We are not agents of the entity and cannot accept service. Please contact the company directly. That said we have reached out to them to alert them to this matter." A true and correct printout of this August 2, 2019 email is attached hereto as **Exhibit E**.

54. On or about August 8, 2019, Last Chance attempted again through its attorneys to contact New Chance through a letter, sent by Federal Express and email, to Mr. Joe Lieberman with a copy sent by Federal Express and email to Mr. Benjamin Aryeh. A true and correct copy of this August 8, 2019 letter is attached hereto as **Exhibit F**.

55. As of the date of this Complaint, Last Chance's attorneys did not receive any response from Mr. Joe Lieberman. Last Chance, therefore, could not confirm whether or not Mr. Joe Lieberman represents New Chance and/or Mr. Benjamin Aryeh.

56. On information and belief, as of the date of this Complaint, the NEW CHANCE Mark is still in use by Defendants.

57. New Chance's actions as alleged in connection with its use of the NEW CHANCE Mark in connection with its services is intended to, and is likely to, cause confusion, mistake or deception as to the source or origin of Last Chance's services in that the public, the trade, and others are likely to believe that New Chance's services are the same as Last Chance's services, or are authorized, sponsored, or approved by Last Chance, or are otherwise affiliated or connected with Last Chance and/or Plaintiff's Mark.

58. New Chance's acts are causing damage and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**As and for A First Cause of Action By Plaintiff Against New Chance**
**(Federal Unfair Competition and False Designation of Origin)**

59. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-58 above, as if fully set forth herein.

60. New Chance's unauthorized use in commerce of the NEW CHANCE Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

61. New Chance's conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake or deception as to the affiliation, connection or association of New Chance with Plaintiff.

62. New Chance's conduct as alleged herein is intended to, and is likely to, cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation with Plaintiff.

63. Long prior to any use of the NEW CHANCE Mark by New Chance, Last Chance commenced using the LAST CHANCE FUNDING Mark as a trademark for, *inter alia*, MCA services.

64. Last Chance has dedicated time, money and effort in advertising, promoting and popularizing its LAST CHANCE FUNDING Mark and in preserving the goodwill associated therewith.

65. Alternatively, or in addition, as the results of Last Chance's aforementioned dedicated time, money and effort, LAST CHANCE FUNDING Mark has come to be recognized as a source for MCA services.

66. New Chance's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67. New Chance's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

68. Plaintiff is entitled to judgment against New Chance on the First Cause of Action granting among other relief, injunctive relief and an award of actual damages, New Chance's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**As and for A Second Cause of Action By Plaintiff Against New Chance**
**(Trademark Infringement under N.Y. GEN. BUS. Law § 360, *et seq.*)**

69. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-68 above, as if fully set forth herein.

70. New Chance's use of the LAST CHANCE FUNDING Mark as described herein constitutes trademark infringement under New York common and statutory law N.Y. Gen. Bus. Law. §§ 360-k and 360-o.

71. Upon information and belief, New Chance's acts were done with knowledge of its violations of law and were done in bad faith and under circumstances where treble damages and attorneys' fees should be awarded to Plaintiff.

72. Plaintiff is entitled to judgment against New Chance on the Second Cause of Action granting among other relief, injunctive relief and an award of actual damages, New Chance's profits, enhanced damages and profits, treble damages, reasonable attorneys' fees, and

any other remedy provided under N.Y. Gen. Bus. Law § 360-m and costs of the action together with prejudgment and post-judgment interest.

**As and for A Third Cause of Action By Plaintiff Against New Chance**
**(Deceptive Business Practices under N.Y. GEN. BUS. Law § 349)**

73. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-72 above, as if fully set forth herein.

74. New Chance's use of the LAST CHANCE FUNDING Mark to promote, market, or sell products and services, including on the Infringing Website, constitutes a deceptive act or practice in the conduct of New Chance's business, trade, or commerce, and in the furnishing of services to customers and therefore a violation of N.Y. Gen. Bus. Law. § 349.

75. New Chance, through its content and consumer-oriented conduct, is causing a likelihood of confusion as to the source, sponsorship, affiliation, connection, association or approval of New Chance by or with Plaintiff.

76. Plaintiff has been damaged by New Chance's acts complained of in an amount to be determined at trial, and if New Chance's conduct is allowed to continue, Plaintiff and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

77. New Chance's materially misleading practice of using the NEW CHANCE Mark to identify goods and services provided by New Chance has caused and is likely to continue to cause the consuming public at large to be misled as to the true source, sponsorship, or affiliation of the goods and services offered by New Chance, and is likely to continue to cause confusion or mistake or to deceive.

78. Plaintiff is entitled to judgment against New Chance on the Third Cause of Action granting monetary damages in an amount to be proven at trial and injunctive relief prohibiting

New Chance from using the NEW CHANCE Mark or any other trade name, trademark, service mark or domain name that is identical to the NEW CHANCE Mark, a mark likely to be confused with the LAST CHANCE FUNDING Mark or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to the reputation and goodwill associated with the LAST CHANCE FUNDING Mark. No amount of money damages can adequately compensate Plaintiff if it suffers damage to its reputation and associated goodwill through the false and unauthorized use by New Chance of the NEW CHANCE Mark.

**As and for A Fourth Cause of Action By Plaintiff Against New Chance**
**(Injury To Business Reputation Under N.Y. GEN. BUS. § 360-L)**

79. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-78 above, as if fully set forth herein.

80. By making unauthorized use in commerce of the LAST CHANCE FUNDING Mark in connection with similar or identical goods and services, New Chance's unauthorized use of the NEW CHANCE Mark to identify New Chance's services is likely to cause confusion, mistake, or deception as to the affiliation or connection of New Chance with Plaintiff and as to the sponsorship or approval of New Chance's goods or services by Plaintiff.

81. New Chance's distributing, marketing, advertising, offering for sale and selling of its goods and services under the NEW CHANCE Mark causes confusion and mistake, deceives and misleads the purchasing public, trades upon Plaintiff's high-quality reputation, and improperly appropriates to New Chance the valuable goodwill of Plaintiff.

82. The aforesaid conduct by New Chance constitutes a likelihood of injury to the business reputation of Plaintiff in violation of N.Y. Gen. Bus. Law. § 360-l.

83. Plaintiff is entitled to judgment against New Chance on the Fourth Cause of Action in an amount to be determined at trial, and if New Chance's conduct is allowed to continue and is not enjoined, Plaintiff and their goodwill and reputation will continue to suffer immediate, substantial, ongoing and irreparable injury that cannot be adequately calculated and compensated in monetary damages.

**As and for A Fifth Cause of Action By Plaintiff Against New Chance**
**(Common Law Trademark Infringement and Unfair Competition)**

84. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-83 above, as if fully set forth herein.

85. Plaintiff owns and uses the LAST CHANCE FUNDING Mark and enjoys common law rights in the State of New York and throughout the United States. New Chance's activities as stated herein constitute unfair competition and trademark infringement of Plaintiff's common law trademark rights in the LAST CHANCE FUNDING Mark. New Chance's intentional activities were and are undertaken in bad faith in derogation of Last Chance's prior-established trademark rights.

86. New Chance's conduct alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

87. Plaintiff is entitled to judgment against New Chance on the Fifth Cause of Action granting, among other relief, injunctive relief and an award of actual damages, New Chance's profits, punitive damages as a remedy for common law unfair competition, reasonable attorneys' fees, if applicable, and costs of the action together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiff requests judgment against New Chance as follows:

1. Declare that the LAST CHANCE FUNDING Mark is a valid trademark.

2. Declare that Last Chance is the owner of the LAST CHANCE FUNDING Mark.

3. Declare that New Chance has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

4. Declare that New Chance has violated N.Y. GEN. BUS. § 360-L, and N.Y. GEN. BUS. LAW § 349 and committed common law trademark infringement and unfair competition.

5. Grant an injunction preliminarily and permanently enjoining New Chance, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. manufacturing, distributing/providing, selling, marketing, advertising, promoting or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote any goods or services under or bearing the NEW CHANCE Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of the NEW CHANCE Mark;

   b. engaging in any activity that infringes Plaintiff's rights in the LAST CHANCE FUNDING Mark;

   c. engaging in any activity constituting unfair competition with Plaintiff;

d. engaging in any activity that is likely to dilute or impair the distinctiveness of Plaintiff's LAST CHANCE FUNDING Mark;

e. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) the services provided by New Chance are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with New Chance;

f. using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, domain name, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the NEW CHANCE Mark or any other mark that infringes or is likely to be confused with the LAST CHANCE FUNDING Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h. aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

6. Order that New Chance account to Plaintiff for New Chance's profits and to pay any damages sustained by Plaintiff arising from the foregoing acts of unfair competition, fraud and unfair business practices.

7. Grant such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by New Chance are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

8. Award Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9. Direct that New Chance account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10. Award Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

11. Declare that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Award Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

14. Plaintiff requests a trial by jury in the above captioned matter, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 3, 2019

New York, New York

Respectfully submitted,

/s/ William R. Samuels

William R. Samuels
SCARINCI HOLLENBECK
3 PARK AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10016
*Attorneys for Plaintiff*